IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMION BROMFIELD,

        Plaintiff,

    v.

STATE OF OREGON, PAUL AUBRY, and JOSHUA SANDBURG,

        Defendants.

CV. 07-1321-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

This 42 U.S.C. § 1983 civil rights case comes before the court on defendant State of Oregon's Motion to Dismiss (docket #7). For the reasons set forth below, that motion should be granted, and the court should order plaintiff to show cause why this case should not be dismissed without prejudice.

## BACKGROUND

According to the Complaint, on February 8, 2004, plaintiff was detained by Immigration and Customs Enforcement ("ICE") and transferred to its Northwest Detention Center following a

1 - FINDINGS AND RECOMMENDATION

disclosure from plaintiff's probation officer, defendant Joshua Sandburg, regarding plaintiff's alienage. Complaint, p. 3. Plaintiff appears to assert that the detention is improper because Sandburg "used [ICE] as a tool to punish plaintiff[] based on personal hatred." *Id* at 2.

On March 21, 2004, plaintiff was charged with criminal conduct in Washington County, Oregon including Theft in the First Degree, Sexual Abuse in the Third Degree, and Contributing to the Delinquency of a Minor. *Id* at 3. He alleges that his appointed public defender, defendant Paul Aubry, coerced him to plead guilty to at least some of the charged conduct, thus depriving him of his right to a jury trial.[1] *Id* at 1-3.

Plaintiff asserts that Aubry and Sandburg are both employed by the State of Oregon (*id*) and that the State of Oregon is liable for allowing its employees to abuse their authority "under the color and protection of the [S]tate of Oregon." *Id* at 3.

## **STANDARDS**

Dismissal is appropriate if plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to

---

[1] Aubrey has filed a Motion for Summary Judgment (docket #13) which will be taken under advisement on January 7, 2008.

relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the complaint and any attached exhibits. *Id* at 1484. Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the court also must draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

### I.  Statute of Limitations

The State of Oregon asserts that this action is barred by the applicable statute of limitations. Since § 1983 does not have an independent statute of limitations, the applicable limitation period is borrowed from the forum state. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). Actions filed pursuant to § 1983 are characterized as personal injury actions for statute of limitations purposes. *McDougal v. County of Imperial*, 942 F.2d 668, 672-73 (9th Cir. 1991) (applying state personal injury limitations period to

3 - FINDINGS AND RECOMMENDATION

§ 1983 actions). In Oregon, this period is two years. ORS 12.110(1).

Plaintiff complains of conduct which occurred in February and March of 2004, but did not file his Complaint until September 4, 2007. Thus, it would appear at first glance that this action is untimely.

However, plaintiff's § 1983 claims arising out of his ICE detention and state court guilty plea are barred absent a showing that the detention and criminal conviction were previously found to be improper during either direct or collateral appeal. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (to recover damages for harm caused by actions whose unlawfulness would render a conviction invalid, plaintiff must prove that the conviction has been reversed or otherwise invalidated). A "§ 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id* at 489. Because plaintiff does not allege that his ICE detention and/or criminal conviction(s) have been invalidated, his § 1983 claims have not yet accrued. Therefore, dismissal based on the statute of limitations would not be proper.

## II. **Eleventh Amendment Immunity**

The State of Oregon also seeks dismissal pursuant to the Eleventh Amendment, which states as follows: "The Judicial power of the United States shall not be construed to extend to any suit in

4 - FINDINGS AND RECOMMENDATION

law or equity, commenced or prosecuted against one of the United States by Citizens of anther State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  The Eleventh Amendment has been construed to bar suits by citizens against their own states.  *Papasan v. Allain*, 478 U.S. 265, 276, (1986); *Eason v. Clark County School District*, 303 F.3d 1137, 1140 (9th Cir. 2002). Because the State of Oregon has not waived immunity in this case, plaintiff's claims against it are barred by the Eleventh Amendment and should be dismissed.

**III. Order to Show Cause**

Although the State of Oregon is entitled to dismissal, plaintiff also alleges claims against both Aubry and Sandburg.  It appears that any success on plaintiff's remaining claims would imply the invalidity of his ICE detention and/or his criminal conviction(s).  Therefore, the court should order him to show cause why this case should not be dismissed without prejudice to his right to re-file this action in the future should he successfully invalidate his ICE detention and/or criminal conviction(s).

## RECOMMENDATION

Based on the foregoing, the State of Oregon's Motion to Dismiss (docket #7) should be GRANTED, and plaintiff's claims against the State of Oregon should be DISMISSED.  In addition, the court should ORDER plaintiff to show cause, within 30 days, why this case should not be dismissed without prejudice to plaintiff's

5 - FINDINGS AND RECOMMENDATION

right to re-file should he invalidate his ICE detention and/or criminal conviction(s) in the future.

### SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due **January 10, 2008**. If no objections are filed, then the Findings and Recommendation(s) will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>18th</u> day of December, 2007.

/s/   Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge